Skip to Main Content Logout My Account Search Menu Search Civil, Family, Probate and Tax Court Case Records Refine Search  Back                Location : All Locations  Images Help

# REGISTER OF ACTIONS
## CASE NO. 24CV08583

| | | |
|---|---|---|
| Jesus Velez Pastrana, John G. Irwin Jr. vs City of Portland, Joseph Gary Sumner, John or Jane Doe | § § § § § | Case Type: **Tort - General**<br>Date Filed: **02/15/2024**<br>Location: **Multnomah** |

### PARTY INFORMATION

|  |  | Attorneys |
|---|---|---|
| **Defendant** | City of Portland |  |
| **Defendant** | Doe, John or Jane |  |
| **Defendant** | Sumner, Joseph Gary |  |
| **Plaintiff** | Irwin Jr., John G. | David Wallace<br>*Retained*<br>503 896-6543(W) |
| **Plaintiff** | Pastrana, Jesus Velez | David Wallace<br>*Retained*<br>503 896-6543(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

02/15/2024 **Complaint**
   *Negligence - NOT SUBJECT TO MANDATORY ARBITRATION*
   Created: 02/16/2024 10:59 AM
02/15/2024 **Service**
      City of Portland                                              Unserved
   Created: 02/16/2024 10:59 AM
04/03/2024 **Complaint - Amended**
   *1st - \*\*Added Defs\*\**
   Created: 04/05/2024 7:06 AM
04/03/2024 **Service**
      Sumner, Joseph Gary                                    Unserved
      Doe, John or Jane                                          Unserved
   Created: 04/05/2024 7:12 AM

### FINANCIAL INFORMATION

**Plaintiff** Pastrana, Jesus Velez
Total Financial Assessment                                                                                                    1,178.00
Total Payments and Credits                                                                                                    1,178.00
**Balance Due as of 04/08/2024**                                                                                              **0.00**

| | | | | |
|---|---|---|---|---|
| 02/16/2024 | Transaction Assessment | | | 884.00 |
| 02/16/2024 | xWeb Accessed eFile | Receipt # 2024-106482 | Pastrana, Jesus Velez | (884.00) |
| 04/05/2024 | Transaction Assessment | | | 294.00 |
| 04/05/2024 | xWeb Accessed eFile | Receipt # 2024-220148 | Pastrana, Jesus Velez | (294.00) |

NOTICE OF REMOVAL
Exhibit 1
Page 1 of 1

David Wallace, OSB# 170783
2800 North Lombard, #187
Portland, Oregon 97217
T: 503-896-6543
David@dtwallace.com
Jesus Velez Pastrana's Attorney

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| Jesus Velez Pastrana,<br><br>Plaintiff,<br><br>v.<br><br>City of Portland, a municipal corporation,<br><br>Defendant. | Case No.:<br>COMPLAINT FOR NEGLIGENCE<br>JURY TRIAL DEMANDED<br>Prayer: $6,000,000.00<br>ORS §21.160(1)(d) - $884<br>NOT SUBJECT TO<br>MANDATORY ARBITRATION |
|---|---|

1  Plaintiff demands a jury trial and alleges:

2                                    1.

3     Defendant City of Portland is and at all times mentioned herein has been
4  a municipal corporation in the State of Oregon.

5                                    2.

6     Notice of claims were properly provided to the City of Portland within 180
7  days of each incident alleged herein.

8                                    3.

9     Defendants are state actors acting under color of law.

10                                   4.

11    Defendants' conduct constituted an unjustified intrusion on Mr.
12 Pastrana's personal safety in violation of his substantive due process rights
13 under the Fourteenth Amendment to the United States Constitution.

14                                   5.

15    The Defendants affirmatively placed Mr. Pastrana in a position of danger
16 in which he would not have otherwise faced.

17                                   6.

18    The risk of harm to Mr. Pastrana as alleged herein was substantial,
19 posing a serious risk of injury.

Page 1 – Complaint

NOTICE OF REMOVAL
Exhibit 2
Page 1 of 5

7.

Despite knowledge of the serious risks, the defendants made a conscious choice to disregard the substantial risk of serious harm.

8.

The defendants acted with deliberate indifference to a known or obvious danger in subjecting Mr. Pastrana to such danger.

9.

The defendants acted pursuant to an expressly adopted official policy and/or a longstanding practice or custom of defendants.

10.

Defendants' official policies, longstanding practices or customs caused the deprivation of Mr. Pastrana's rights or were so closely related to the deprivation of Mr. Pastrana's rights as to be the moving force that caused the ultimate injury.

11.

Defendants had final policymaking authority concerning the above unlawful acts.

12.

When Defendants engaged in these acts, they were acting as final policymakers for Defendants.

13.

The acts of the individual defendants caused the deprivation of Mr. Pastrana's rights or are so closely related to the deprivation of Mr. Pastrana's rights as to be the moving force that caused the ultimate injury.

14.

Defendants training policies were not adequate to train its employees to handle the usual and recurring situations with which they must deal.

15.

Defendants were deliberately indifferent to the obvious consequences of the failure to train employees adequately.

16.

Defendants' failure to provide adequate training caused the deprivation of Mr. Pastrana's rights or are so closely related to the deprivation of Mr. Pastrana's rights as to be the moving force that caused the ultimate injury.

17.

Defendants conduct was a substantial factor in causing Mr. Pastrana's injuries.

18.

Mr. Pastrana is entitled to compensation in an amount to be determined at trial.

19.

Mr. Pastrana is entitled to his reasonable attorney fees, costs, and disbursements under 42 U.S.C. §1988(b).

SECOND CLAIM FOR RELIEF

Negligence

20.

Mr. Pastrana realleges the above paragraphs as though fully set forth herein.

21.

Defendants failed to exercise reasonable care to protect Mr. Pastrana from harm through the acts or omissions as follows:

a. The defendants activated a spike strip mechanism on a white box truck in an inappropriate location, leading to the vehicle losing control. As a result, the out-of-control white box truck collided with Mr. Pastrana, who was a pedestrian, in the unsafe area; or

b. Failed to engage in other maneuvers or mechanisms to protect Mr. Pastrana from harm or prevent Mr. Pastrana from actively being placed in harm through the acts or omissions of Defendants.

22.

As a direct and proximate result of Defendant's acts or omissions, Plaintiff suffered injuries that include but are not limited to laceration to the

face, broken jaw, disfigured teeth, two screws on the inside of the mouth, metal plate in the chin, radiculopathy on the left side of the body, broken middle finger on the right hand. These injuries caused Plaintiff to suffer economic damages in the form of medical bills, future medical expenses, and lost wages in the amount of $3,500,000.

23.

As a further direct and proximate result of Defendant's acts or omissions, Plaintiff endured significant pain, mental suffering, emotional distress, inconvenience, and interference with normal lifestyle activities in the amount of $2,500,000.

24.

Mr. Pastrana is entitled to his reasonable attorney fees, costs, and disbursements under 42 U.S.C. §1988(b).

### Third Claim for relief

*Negligent Infliction of Emotional Distress*

25.

Mr. Pastrana realleges the above paragraphs as though fully set forth herein.

26.

Mr. Pastrana witnessed the serious physical injuries of his husband John G. Irwin Jr.

27.

Mr. Pastrana perceived the serious physical injuries of his husband John G. Irwin Jr as they occurred.

28.

As a result, Mr. Pastrana has suffered serious emotional distress, including but not limited to post traumatic stress disorder.

29.

As a further direct and proximate result of Defendant's acts or omissions, Plaintiff endured significant pain, mental suffering, emotional distress, inconvenience, and interference with normal lifestyle activities in the amount of

1  $2,500,000.

2                                    30.

3      Mr. Pastrana is entitled to his reasonable attorney fees, costs, and
4  disbursements under 42 U.S.C. §1988(b).

5  ******************************************************************************

6  Plaintiff prays for judgment against Defendant for damages as follows:

7      A) $3,500,000 in economic damages.
8      B) $2,500,000 in non-economic damages.
9      C) Costs and disbursements
10     D) Any other relief the Court deems just or proper.

11                                              February 15, 2024.

12                                              *s/ David Wallace, Esq.*
13                                              David Wallace, OSB #170783
14                                              Plaintiff's attorney
15                                              David@dtwallace.com
16                                              T: 503.896.6543

RECEIVED
APR 0 5 2024
Office of the City Attorney

David Wallace, OSB# 170783
2800 North Lombard, #187
Portland, Oregon 97217
T: 503-896-6543
David@dtwallace.com
Plaintiffs' Attorney

### IN THE CIRCUIT COURT OF THE STATE OF OREGON

### FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| Jesus Velez Pastrana, and John G. Irwin Jr., <br><br> Plaintiffs, <br><br> v. <br><br> City of Portland, a municipal corporation, Joseph Gary Sumner, an individual, and John or Jane Doe, an individual, <br><br> Defendants. | Case No.: 24CV08583 <br><br><br> Summons |

To: City of Portland, ATTN: ROBERT L TAYLOR, PORTLAND CITY ATTORNEY, 1221 SW 4TH AVE, STE 430, PORTLAND, OR 97204.

You are required to appear and defend the Complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this Summons upon you, and in case of your failure to do so, for want thereof, plaintiff will apply to the Court for the relief demanded in the Complaint.

**NOTICE TO DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case, or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff. If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at http://www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

s/ *David Wallace, Esq*.
David Wallace, OSB# 170783
Plaintiff's attorney
David@dtwallace.com

Page 1 – Summons

NOTICE OF REMOVAL
Exhibit 3
Page 1 of 7

4/3/2024 3:02 PM
24CV08583

David Wallace, OSB# 170783
2800 North Lombard, #187
Portland, Oregon 97217
T: 503-896-6543
David@dtwallace.com
Plaintiffs' Attorney

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| Jesus Velez Pastrana, and John G. Irwin Jr., | Case No.: 24CV08583 |
|---|---|
| Plaintiffs, | First Amended Complaint |
| v. | FOR NEGLIGENCE |
|  | JURY TRIAL DEMANDED |
|  | Prayer: $69,000,000.00 |
| City of Portland, a municipal corporation, Joseph Gary Sumner, an individual, and John or Jane Doe, an individual, | ORS §21.160(1)(d) - $1,176 |
|  | NOT SUBJECT TO |
|  | MANDATORY ARBITRATION |
| Defendants. |  |

1  Plaintiffs, Jesus Velez Pastrana ("Mr. Pastrana"), and John G. Irwin Jr. ("Mr.
2  Irwin") demand a jury trial and allege:

3                                   1.

4      City of Portland ("COP") is and at all times alleged herein a municipal
5  corporation in the State of Oregon.

6                                   2.

7      Notice of claims were properly provided to COP within 180 days of each
8  incident alleged herein.

9                                   3.

10     Joseph Gary Sumner is and at all times material alleged herein an
11 Oregon resident.

12                      FIRST CLAIM FOR RELIEF:
13                              *Battery*
14                                  4.

15     On April 29, 2022, Joseph Gary Sumner ("Sumner"), in Southeast
16 Portland, and upon information or belief, Sumner stole a box truck vehicle with
17 John or Jane Doe, and was fleeing from COPs when COPs set a spike strip to
18 the box truck vehicle that Sumner was driving, and thereafter Sumner

Page 1 – Complaint

intentionally and/or recklessly caused harmful or offensive contact with Mr. Pastrana and Mr. Irwin and did so cause harmful or offensive contact with Mr. Pastrana and Mr. Irwin when Sumner struck Mr. Pastrana and Mr. Irwin with the box truck that Sumner was driving while Mr. Pastrana and Mr. Irwin were pedestrians.

## SECOND CLAIM FOR RELIEF
*Negligence*

5.

Plaintiffs incorporate the above paragraphs as if fully set forth in this claim for relief section.

6.

On April 29, 2022, COPs failed to exercise reasonable care to protect Mr. Pastrana and Mr. Irwin from harm through the acts or omissions as follows:

a. The COPs activated a spike strip mechanism on a white box truck in an inappropriate location, leading to the vehicle losing control. As a result, the out-of-control white box truck collided with Mr. Pastrana and Mr. Irwin, who were pedestrians; or

b. Failed to engage in other maneuvers or mechanisms to protect Mr. Irwin and, Mr. Pastrana from harm or prevent Mr. Pastrana and Mr. Irwin from actively being placed in harm through the acts or omissions of COPs.

7.

COPs acts or omissions unreasonably created foreseeable risks of harm to Mr. Pastrana and Mr. Irwin.

8.

COPs acts or omissions were unreasonable in light of those risks.

9.

COPs acts or omissions were a substantial factor in causing harm to Mr. Pastrana and Mr. Irwin.

## THIRD CLAIM FOR RELIEF

*Negligent Infliction of Emotional Distress*

10.

Plaintiffs incorporate the above paragraphs as if fully set forth in this claim for relief section.

11.

Mr. Pastrana witnessed the serious physical injuries of his husband Mr. Irwin as alleged below.

12.

Mr. Pastrana perceived the serious physical injuries of his husband Mr. Irwin as they occurred.

13.

As a result, Mr. Pastrana has suffered serious emotional distress, including but not limited to post traumatic stress disorder.

## FORTH CLAIM FOR RELIEF
## 42 U.S.C. §1983

14.

Plaintiffs incorporate the above paragraphs as if fully set forth in this claim for relief section.

15.

COPs are state actors acting under color of law.

16.

COPs' conduct constituted an unjustified intrusion on Mr. Pastrana and Mr. Irwin's personal safety in violation of their substantive due process rights under the Fourteenth Amendment to the United States Constitution.

17.

The COPs affirmatively placed Mr. Pastrana and Mr. Irwin in a position of danger in which they would not have otherwise faced.

18.

The risk of harm to Mr. Pastrana and Mr. Irwin as alleged herein was substantial, posing a serious risk of injury.

19.

Despite knowledge of the serious risks, the COPs made a conscious choice to disregard the substantial risk of serious harm.

20.

The COPs acted with deliberate indifference to a known or obvious danger in subjecting Mr. Pastrana and Mr. Irwin to such danger.

21.

The COPs acted pursuant to an expressly adopted official policy and/or a longstanding practice or custom of COPs.

22.

COPs' official policies, longstanding practices or customs caused the deprivation of Mr. Pastrana and Mr. Irwin rights or were so closely related to the deprivation of Mr. Pastrana and Mr. Irwin's rights as to be the moving force that caused the ultimate injury.

23.

COPs had final policymaking authority concerning the above unlawful acts.

24.

When COPs engaged in these acts, they were acting as final policymakers for COPs.

25.

The acts of the individual COPs caused the deprivation of Mr. Pastrana and Mr. Irwin rights or are so closely related to the deprivation of Mr. Pastrana and Mr. Irwin's rights as to be the moving force that caused the ultimate injury.

26.

COPs training policies were not adequate to train its employees to handle the usual and recurring situations with which they must deal.

27.

COPs were deliberately indifferent to the obvious consequences of the failure to train employees adequately.

28.

COPs' failure to provide adequate training caused the deprivation of Mr. Pastrana and Mr. Irwin rights or are so closely related to the deprivation of Mr. Pastrana and Mr. Irwin rights as to be the moving force that caused the ultimate injury.

29.

COPs conduct was a substantial factor in causing Mr. Pastrana and Mr. Irwin injuries.

30.

Mr. Pastrana and Mr. Irwin is entitled to compensation in an amount to be determined at trial.

31.

Mr. Pastrana and Mr. Irwin is entitled to his reasonable attorney fees, costs, and disbursements under 42 U.S.C. §1988(b).

**Damages**

32.

Plaintiffs incorporate the above paragraphs as if fully set forth in this section.

33.

As a direct and proximate result of Defendants acts or omissions, Mr. Pastrana suffered injuries that include but are not limited to laceration to the face, broken jaw, disfigured teeth, two screws on the inside of the mouth, metal plate in the chin, radiculopathy on the left side of the body, broken middle finger on the right hand. These injuries caused Plaintiff to suffer economic damages in the form of medical bills, future medical expenses, and lost wages in the amount of $3,500,000.

34.

As a further direct and proximate result of Defendants acts or omissions, Mr. Pastrana endured significant pain, mental suffering, emotional distress, inconvenience, and interference with normal lifestyle activities in the amount of $22,500,000.

35.

As a direct and proximate result of Defendants acts or omissions, Mr. Irwin suffered injuries that include but are not limited to diffuse axonal brain injury, aphasia, broken legs, one broken arm (left), and other injuries more specifically set forth in his medical records. These injuries caused Plaintiff to suffer economic damages in the form of medical bills, future medical expenses, and lost wages in the amount of $20,500,000.

36.

As a further direct and proximate result of Defendants acts or omissions, Mr. Irwin endured significant pain, mental suffering, emotional distress, inconvenience, and interference with normal lifestyle activities in the amount of $22,500,000.

****************************************************************************

Plaintiffs pray for judgment against Defendants for damages as follows:

A) $24,000,000 in economic damages.
B) $45,000,000 in non-economic damages.
C) Costs and disbursements
D) Any other relief the Court deems just or proper.

April 3, 2024.

s/ David Wallace, Esq.
David Wallace, OSB #170783
Plaintiffs' attorney
David@dtwallace.com
T: 503.896.6543