MICHAEL K. PORTER, OSB No. 211377
Sr. Deputy City Attorney
mike.porter@portlandoregon.gov
ELIZABETH C. WOODARD, OSB No. 075667
Sr. Deputy City Attorney
beth.woodard@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Counsel for Defendant City of Portland*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **JESUS VELEZ PASTRANA** and **JOHN G. IRWIN JR.,**<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF PORTLAND**, a municipal corporation, **JOSEPH GARY SUMNER**, an individual, **SHAUN LEE PALMER**, an individual, and **JOHN** or **JANE DOE**, an induvial,<br><br>Defendants. | **Case No. 3:24-cv-00587-AB**<br><br>**DECLARATION OF MICHAEL K. PORTER**<br><br>**(In Support of Joint Motion for Bifurcation and Extension of Deadlines)** |

I, Michael K. Porter, Sr. Deputy City Attorney, declare as follows:

1. Counsel for Plaintiffs and Defendant City of Portland (together "Moving Parties") discussed the Joint Motion by phone and via email.

2. Based upon those conversations it is clear depositions of Plaintiffs will be complicated by ongoing medical issues that leave the availability of at least one plaintiff to sit for a deposition in doubt at least at this time.

3. Furthermore, Defendant City of Portland ("Defendant City") believes that given the nature of the allegations related to injuries and ongoing care, in person depositions are

necessary if the question of damages is to be adequately explored. Defendant City understands that Plaintiffs reside in Colorado, making in person depositions difficult and costly.

4. Additionally, given the nature of the damages claim Defendant City will seek an independent medical examination, the inconvenience to Plaintiffs and cost to Defendant City being unnecessary should Defendant City prevail on the question of liability.

5. Finally, Plaintiffs' medical records are voluminous and ongoing. The cost of expert review and analysis would be unnecessary should the issue of liability terminate the proceedings.

6. Given the inconvenience to the Plaintiffs of complying with the demands of discovery related to damages, the cost of discovery to Defendant City, and the inefficient use of judicial resources to facilitate complete discovery on the issue of damages should liability prove dispositive, the Moving Parties jointly agree that a bifurcation of the discovery process is appropriate, in the interest of justice and consistent with the principles of judicial economy.

7. I make this declaration in support of Joint Motion for Bifurcation and Extension of Deadlines.

**I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.**

DATED: January 21, 2025

*/s/ Michael K. Porter*
Michael K. Porter



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047