MICHAEL K. PORTER, OSB No. 211377
Sr. Deputy City Attorney
mike.porter@portlandoregon.gov
ELIZABETH C. WOODARD, OSB No. 075667
Sr. Deputy City Attorney
beth.woodard@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Counsel for Defendant City of Portland*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **JESUS VELEZ PASTRANA** and **JOHN G. IRWIN JR.,**<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF PORTLAND**, a municipal corporation, **JOSEPH GARY SUMNER**, an individual, **SHAUN LEE PALMER**, an individual, and **JOHN** or **JANE DOE**, an induvial,<br><br>Defendants. | **Case No. 3:24-cv-00587-AB**<br><br>**DECLARATION OF MICHAEL K. PORTER**<br><br>**(In Support of Defendant City of Portland's Response to Plaintiffs' Motion for Leave to File Third Amended Complaint)** |

I, Michael K. Porter, Sr. Deputy City Attorney, declare as follows:

1. I am an attorney representing defendant City of Portland (the "City') in the above-captioned case. I make this declaration in support of the City's Response to Plaintiffs' Motion for Leave to File Third Amended Complaint.

2. Attached to this declaration as **Exhibit 1** is a true and correct copy of Plaintiffs' proposed Third Amended Complaint served on the City on May 21, 2025, the proposed Third Amended Complaint filed with the Court on July 6, 2025, and associated emails.

3. Attached to this declaration as **Exhibit 2** is a true and correct copy of excerpts from Defendant Gary Sumner's February 20, 2025 deposition transcript.

4. The City produced documents on July 1, 2025 which were duplicative of documents previously produced on June 14, 2024 as follows:

a. PASTRANA_IRWIN-CITY_005154 = PASTRANA_IRWIN-CITY_000260;
b. PASTRANA_IRWIN-CITY_001555 = PASTRANA_IRWIN-CITY_000261;
c. PASTRANA_IRWIN-CITY_005156 = PASTRANA_IRWIN-CITY_000262;
d. PASTRANA_IRWIN-CITY_005157 = PASTRANA_IRWIN-CITY_000263;
e. PASTRANA_IRWIN-CITY_005158 = PASTRANA_IRWIN-CITY_000264;
f. PASTRANA_IRWIN-CITY_005159 = PASTRANA_IRWIN-CITY_000394;
g. PASTRANA_IRWIN-CITY_005161 = PASTRANA_IRWIN-CITY_000397;
h. PASTRANA_IRWIN-CITY_005162 = PASTRANA_IRWIN-CITY_000394;
i. PASTRANA_IRWIN-CITY_005163 = PASTRANA_IRWIN-CITY_000395; and
j. PASTRANA_IRWIN-CITY_005164 = PASTRANA_IRWIN-CITY_000396.

5. The City produced documents on July 1, 2025 not previously produced, but upon receipt of the same, as follows:

a. One photograph of Shaun Lee Palmer marked as PASTRANA_IRWIN-CITY_00516;

b. Airplane data for April 29, 2022 between the hours of 4:00 pm and 5:30 pm marked as PASTRANA_IRWIN-CITY_005133-005138; and

c. Police FARO scan data for the scene of the incident marked as PASTRANA_IRWIN-CITY_005165.

**I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.**

DATED: July 14, 2025

*/s/ Michael K. Porter*
Michael K. Porter



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

**From:** David Wallace
**To:** Porter, Mike
**Subject:** Proposed Third Amended Complaint; Jesus Velez Pastrana v. City of Portland et el;
**Date:** Wednesday, May 21, 2025 11:32:26 AM
**Attachments:** Proposed Third Amended Complaint.pdf

---

Hi Mike,

I suppose it would make sense for me to provide you with a proposed amended complaint. It's attached. Let me know if you have any questions and what your position is on whether you would stipulate to the amendments without motion practicing. Have a great day.

--
David Wallace, Esq.
Wallace Law Firm, P.C.
7327 S.W. Barnes Road, #421
Portland, Oregon 97225
website: www.lawyersauce.com

-Destroy this email if you are not the intended recipient. Unauthorized use of the contents of this email will be met with civil litigation fury under 18 U.S. Code §2520(b)(1-3). -

David Wallace, OSB# 170783
7327 SW Barnes Rd, #421
Portland, Oregon 97225
T: 503-896-6543
David@dtwallace.com
Plaintiffs' Attorney

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **Jesus Velez Pastrana,** and **John G. Irwin Jr.,**<br>Plaintiffs,<br>v.<br><br>**City of Portland**, a municipal corporation, **Joseph Gary Sumner**, an individual, **Shaun Lee Palmer**, and **John** or **Jane Doe**, an individual,<br>Defendants. | Case No.: **3:24-cv-00587-AB**<br><br>**THIRD AMENDED COMPLAINT**<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiffs, Jesus Velez Pastrana ("Mr. Pastrana") and John G. Irwin Jr. ("Mr. Irwin"), demand a jury trial and allege as follows:

**PARTIES, JURISDICTION, AND VENUE**

**1.**

The City of Portland ("COP") is and at all times mentioned herein a municipal corporation within the State of Oregon.

**2.**

Notice of claims were properly served upon the COP pursuant to ORS 30.275 within the statutory timeframe.

**3.**

Defendant Joseph Gary Sumner ("Sumner") is an individual and, upon information and belief, a resident of Oregon.

**4.**

Defendant Shaun Lee Palmer ("Palmer") is the owner of a 2001 Chevrolet box truck, VIN# 1GBJG31R211135415, with Nevada license plate GKZ658.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

**5.**

On April 29, 2022, the Portland Police Bureau ("PPB") initiated a pursuit of a stolen box truck operated by Defendant Sumner.

**6.**

The box truck was stolen after Palmer, or his agent, negligently left the keys in the ignition in a high-theft area, creating a foreseeable risk of unauthorized use.

**7.**

Defendant Sumner, operating the stolen vehicle, fled from PPB officers, resulting in a high-speed pursuit through densely populated neighborhoods.

**8.**

PPB officers, in the course of the pursuit, deployed a spike strip near an intersection close to a pedestrian-heavy zone.

**9.**

Air 1, PPB's aerial surveillance unit, tracked the vehicle throughout the pursuit and relayed information to ground

units, including officers who deployed the spike strip.

**10.**

The pursuit concluded when the stolen vehicle lost control after the spike strip was deployed and struck Plaintiffs, who were pedestrians.

**11.**

As a result, Plaintiffs sustained serious injuries and emotional trauma.

**FIRST CLAIM FOR RELIEF: NEGLIGENCE (Against Palmer)**

**12.**

Plaintiffs incorporate by reference all preceding paragraphs.

**13.**

Palmer owed a duty to the public to exercise reasonable care in the custody of the box truck.

**14.**

Palmer breached that duty by negligently leaving the vehicle unattended with keys in the ignition in an area known for vehicle theft.

**15.**

This breach was a substantial factor in enabling the vehicle theft and resulting harms to Plaintiffs.

**SECOND CLAIM FOR RELIEF: BATTERY (Against Sumner)**

**16.**

Plaintiffs incorporate by reference all preceding paragraphs.

**17.**

Sumner acted with intent and/or reckless disregard when he

struck Plaintiffs with the box truck while fleeing from the police.

**18.**

The contact was harmful and offensive and caused serious bodily harm to Plaintiffs.

**THIRD CLAIM FOR RELIEF: NEGLIGENCE (Against the City of Portland)**

**19.**

Plaintiffs incorporate by reference all preceding paragraphs.

**20.**

PPB officers breached their duty of care to the public and to Plaintiffs by engaging in a pursuit that contravened their own policies and accepted police practices, as described in expert analysis.

**21.**

Officers failed to terminate the pursuit despite the high risk to public safety, especially in residential zones, as outlined in PPB Directive 630.05.

**22.**

Officers deployed a spike strip without securing the area or ensuring pedestrian safety, a deviation from safe police pursuit practices.

**23.**

Expert opinion provided in this case confirms that PPB officers did not adequately balance the need for apprehension against the risks posed to the public.

**24.**

PPB officers' conduct was unreasonable in light of foreseeable risks and was a substantial factor in causing harm to Plaintiffs.

**FOURTH CLAIM FOR RELIEF: VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (Against the City of Portland and Individual Officers)**

**25.**

Plaintiffs incorporate by reference all preceding paragraphs.

**26.**

At all relevant times, officers employed by the City of Portland acted under color of state law.

**27.**

The acts and omissions of the officers during the pursuit—including failure to terminate the chase in accordance with PPB Directive 630.05, the deployment of a spike strip near known pedestrian areas, and disregard of public safety—constituted a violation of Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution.

**28.**

Specifically, the officers' actions exhibited deliberate indifference to a known and substantial risk of serious harm to Plaintiffs, who were bystanders.

**29.**

The City's failure to adequately train, supervise, or discipline officers on pursuit protocols and use of force reflects an official

policy or custom that was the moving force behind the constitutional violation.

**30.**

As a direct and proximate result of Defendants' conduct, Plaintiffs sustained bodily harm, emotional distress, and other damages.

## FIFTH CLAIM FOR RELIEF: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (Against All Defendants)

**31.**

Plaintiffs incorporate by reference all preceding paragraphs.

**32.**

Plaintiffs were directly impacted by Defendants' negligent acts and suffered physical injuries and serious emotional distress.

**33.**

The trauma Plaintiffs experienced was foreseeable, particularly given the violent nature of being struck by a vehicle during a police pursuit.

**34.**

Defendants' conduct was a substantial factor in causing Plaintiffs' emotional distress.

## PRAYER FOR RELIEF

**37.**

Plaintiffs incorporate the above paragraphs as if fully set forth in this section.

**38.**

As a direct and proximate result of Defendants acts or

omissions, Mr. Pastrana suffered injuries that include but are not limited to laceration to the face, broken jaw, disfigured teeth, two screws on the inside of the mouth, metal plate in the chin, radiculopathy on the left side of the body, broken middle finger on the right hand. These injuries caused Plaintiff to suffer economic damages in the form of medical bills, future medical expenses, and lost wages in the amount of $3,500,000.

**39.**

As a further direct and proximate result of Defendants acts or omissions, Mr. Pastrana endured significant pain, mental suffering, emotional distress, inconvenience, and interference with normal lifestyle activities in the amount of $22,500,000.

**40.**

As a direct and proximate result of Defendants acts or omissions, Mr. Irwin suffered injuries that include but are not limited to diffuse axonal brain injury, aphasia, broken legs, one broken arm (left), and other injuries more specifically set forth in his medical records. These injuries caused Plaintiff to suffer economic damages in the form of medical bills, future medical expenses, and lost wages in the amount of $20,500,000.

**41.**

As a further direct and proximate result of Defendants acts or omissions, Mr. Irwin endured significant pain, mental suffering, emotional distress, inconvenience, and interference

with normal lifestyle activities in the amount of $22,500,000.

******************************************************************************

Plaintiffs pray for judgment against Defendants for damages as follows:

A) $24,000,000 in economic damages.

B) $45,000,000 in non-economic damages.

C) For pre- and post-judgment interest as allowed by law;

D) For costs and attorney fees as provided by statute, including under 42 U.S.C. § 1988; and

E) For such further relief as the Court deems just and equitable.

May 21, 2025.

______________________________
David Wallace, OSB #170783
Plaintiffs' attorney
David@dtwallace.com
T: 503.896.6543

**Certificate of Fed. R. Civ. P. 15(a)(2)**

Plaintiffs' counsel confirms that written consent to amend the complaint was given on May 21, 2025.

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing: Proposed Third Amended Complaint to the following parties at the addresses set forth below:

Michael Porter, OSB #211377; Sr. Deputy City Attorney
PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
mike.porter@portlandoregon.gov

via the methods indicated below:

___ United States Postal Service, ordinary first-class mail.
___ United States Postal Service, certified or registered mail.
___ Hand delivery
___ Electronic Filing through the court's eFiling system.
___ Other (specify):____________________________________.

May 21, 2025.

__________________________
David Wallace, OSB# 170783
Plaintiff's Attorney
David@dtwallace.com
T: 503.896.6543

**From:** David Wallace
**To:** Porter, Mike
**Cc:** Armenta, Amanda; Woodard, Beth; Ware, Elliott
**Subject:** Re: Pastrana v. City --NOTICE OF VEHICLE INSPECTION & TESTING
**Date:** Sunday, July 6, 2025 11:45:50 AM
**Attachments:** Motion to Amend .pdf
Declaration in support of Motion to Amend .pdf
Order on Motion to Amend.pdf

---

Hola all,

Please see the attached filed with the court.

On Tue, Jul 1, 2025 at 4:00 PM Porter, Mike <Mike.Porter@portlandoregon.gov> wrote:

> David,
>
> We do not consent to the filing of the Proposed Third Amended Complaint.
>
> The proposed pleading includes newly asserted claims that do not relate back to the original complaint. With the summary judgment deadline fast approaching, we believe significant changes that will require litigation to resolve would make compliance with the Court's schedule impossible. Given the courts admonitions after prior continuances and our desire to move the matter forwards, we cannot consent to the amendment.
>
> Best,
>
> Mike
>
> Mike Porter | Senior Deputy City Attorney (He/Him)
>
> PORTLAND OFFICE OF THE CITY ATTORNEY
>
> 1221 SW Fourth Avenue, Room 430
>
> Portland, OR 97204
>
> Voice: 503-823-3058 | Fax: 503-823-3089
>
> mike.porter@portlandoregon.gov

Equal Access Notice: The City will provide translation, interpretation, and reasonable disability access. Please ask me, call 311, or email cityattorneysoffice@portlandoregon.gov for assistance.

Portland City Attorney Confidentiality Notice: This message may contain confidential or legally privileged information belonging to the sender. If you have received this message by mistake, please immediately notify the sender, delete the original message, and destroy all copies.

---

**From:** David Wallace <David@dtwallace.com>
**Sent:** Tuesday, July 1, 2025 9:02 AM
**To:** Armenta, Amanda <Amanda.Armenta@portlandoregon.gov>
**Cc:** Porter, Mike <Mike.Porter@portlandoregon.gov>; Woodard, Beth <Beth.Woodard@portlandoregon.gov>; Ware, Elliott <Elliott.Ware@portlandoregon.gov>
**Subject:** Re: Pastrana v. City --NOTICE OF VEHICLE INSPECTION & TESTING

Hey Mike,

I haven't heard back from you guys regarding your specific objections to my amended complaint. Please let me know by the end of the week so I can file a motion to amend

On Mon, Jun 30, 2025 at 10:49 PM Armenta, Amanda <Amanda.Armenta@portlandoregon.gov> wrote:

> David,
>
> Attached please find the City's Supplemental Expert Disclosure and Rebuttal.
>
> Thank you.
>
> AMANDA ARMENTA | Paralegal (She/Her)
>
> PORTLAND OFFICE OF THE CITY ATTORNEY
>
> 1221 SW Fourth Avenue, Room 430

Portland, OR 97204

Cell: 503-798-5601

amanda.armenta@portlandoregon.gov

Equal Access Notice: The City of Portland operates without regard to race, color, national origin, religion, sex, sexual orientation, gender identity, marital status, age or disability according to all applicable non-discrimination laws, Title VI of the Civil Rights Act, and Title II of the ADA. To help ensure equal access to City services, the City will provide translation, interpretation, and reasonable disability access. Please ask me, call 311, or email cityattorneysoffice@portlandoregon.gov for assistance.

Portland City Attorney Confidentiality Notice: This message may contain confidential or legally privileged information belonging to the sender. If you have received this message by mistake, please immediately notify the sender, delete the original message, and destroy

---

**From:** Ware, Elliott <Elliott.Ware@portlandoregon.gov>
**Sent:** Friday, May 30, 2025 3:33 PM
**To:** David Wallace <David@dtwallace.com>
**Cc:** Porter, Mike <Mike.Porter@portlandoregon.gov>; Armenta, Amanda <Amanda.Armenta@portlandoregon.gov>; Woodard, Beth <Beth.Woodard@portlandoregon.gov>
**Subject:** RE: Pastrana v. City --NOTICE OF VEHICLE INSPECTION & TESTING

Hi David,

Attached is *Defendant City of Portland's Fed. R. Civ. P. 26(A) Expert Disclosures.*

Thank you,

**Elliott Ware | Legal Assistant** (he/him)

**Portland Office of the City Attorney**

1221 SW Fourth Avenue, Room 430

Portland, OR 97204

Voice: 503-823-3051

elliott.ware@portlandoregon.gov

Legal Assistant to Sr. Deputy City Attorneys Caroline Turco, Mike Porter, Denis Vannier & Ken McGair

Equal Access Notice: The City will provide translation, interpretation, and reasonable disability access. Please ask me, call 311, or email cityattorneysoffice@portlandoregon.gov for assistance.

---

**From:** David Wallace <David@dtwallace.com>
**Sent:** Friday, May 30, 2025 2:29 PM
**To:** Woodard, Beth <Beth.Woodard@portlandoregon.gov>
**Cc:** Porter, Mike <Mike.Porter@portlandoregon.gov>; Armenta, Amanda <Amanda.Armenta@portlandoregon.gov>; Ware, Elliott <Elliott.Ware@portlandoregon.gov>
**Subject:** Re: Pastrana v. City --NOTICE OF VEHICLE INSPECTION & TESTING

Hi Beth,

See the attached.

On Fri, May 30, 2025 at 2:01 PM Woodard, Beth <Beth.Woodard@portlandoregon.gov> wrote:

> David: I'll let Mike circle back on this more fully when he returns next week but we are not able to delay inspection & ER module access until your return. There are a few options:
>
> 1. Send your expert alone. We will make sure to give them all the space they need to perform inspections without interference.
> 2. Send your expert with a proxy attorney to monitor the inspection & ER module data retrieval.
> 3. We can video our access of the ER module and you can review it with your expert. We will also provide a copy of the ER module data.

4. We can coordinate a date for your expert to access the truck upon your return.

Separately, I would note that expert disclosures, including reports, are due today. The City is disclosing its expert today. However, since we have no burden at trial, our expert has not prepared an initial report. Specifically, if you intend to rely on expert testimony at trial related to the truck, that report is due today.

Happy to chat if that's helpful. Thanks again,

**Beth Woodard | Senior Deputy Attorney** (She/Her)

**Portland Office of the City Attorney**

1221 SW Fourth Avenue, Room 430

Portland, OR 97204

Voice: 971-484-3085

beth.woodard@portlandoregon.gov

**Equal Access Notice:** The City will provide translation, interpretation, and reasonable disability access. Please ask me, call 311, or email cityattorneysoffice@portlandoregon.gov for assistance.

---

**From:** David Wallace <David@dtwallace.com>
**Sent:** Friday, May 30, 2025 8:14 AM
**To:** Woodard, Beth <Beth.Woodard@portlandoregon.gov>
**Cc:** Porter, Mike <Mike.Porter@portlandoregon.gov>; Armenta, Amanda <Amanda.Armenta@portlandoregon.gov>; Ware, Elliott <Elliott.Ware@portlandoregon.gov>
**Subject:** Re: Pastrana v. City --NOTICE OF VEHICLE INSPECTION & TESTING

Hey Mike,

I'm going to be out of the country from June 10th through the 27th. Is there any chance we could do it right after that? I have no objection to you going and viewing the property without my presence, but I would like to take a look at it at some point.

On Wed, May 28, 2025 at 12:29 PM Woodard, Beth <Beth.Woodard@portlandoregon.gov> wrote:

> David: Mike is OOO through 6/3/25; however, our expert deadline is rapidly approaching. Today, we are sending a letter to Mr. Palmer notifying him of the City's planned inspection and testing of the box truck on **June 16, 2025.** If you and any expert(s) would like to inspect the truck, please arrive on June 16th at **11:00 AM.** After you complete your inspections, the City will access &/or remove the EDR module. You and your expert(s) are welcome to stay and observe the access/removal. The City will share EDR module data once retrieved.
>
> The storage lot is located at 7027 NW St. Helens Rd. We have confirmed the truck is in an accessible location. Please let us know your attendees so that we can let the PPB folks know who to expect. Let me know if you have questions.
>
> Thanks,
>
> **Beth Woodard | Senior Deputy Attorney** (She/Her)
>
> **Portland Office of the City Attorney**
>
> 1221 SW Fourth Avenue, Room 430
>
> Portland, OR 97204
>
> Voice: 971-484-3085
>
> beth.woodard@portlandoregon.gov
>
> **Equal Access Notice:** The City will provide translation, interpretation, and reasonable disability access. Please ask me, call 311, or email cityattorneysoffice@portlandoregon.gov for assistance.

--

David Wallace, Esq.

Wallace Law Firm, P.C.

7327 S.W. Barnes Road, #421

Portland, Oregon 97225

website: www.lawyersauce.com

-Destroy this email if you are not the intended recipient. Unauthorized use of the contents of this email will be met with civil litigation fury under 18 U.S. Code §2520(b)(1-3). -

--

David Wallace, Esq.

Wallace Law Firm, P.C.

7327 S.W. Barnes Road, #421

Portland, Oregon 97225

website: www.lawyersauce.com

-Destroy this email if you are not the intended recipient. Unauthorized use of the contents of this email will be met with civil litigation fury under 18 U.S. Code §2520(b)(1-3). -

--
David Wallace, Esq.
Wallace Law Firm, P.C.
7327 S.W. Barnes Road, #421
Portland, Oregon 97225
website: www.lawyersauce.com

-Destroy this email if you are not the intended recipient. Unauthorized use of the contents of this email will be met with civil litigation fury under 18 U.S. Code §2520(b)(1-3). -

David Wallace, OSB# 170783
7327 SW Barnes Rd, #421
Portland, Oregon 97225
T: 503-896-6543
David@dtwallace.com
Plaintiffs' Attorney

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **Jesus Velez Pastrana,** and **John G. Irwin Jr.,**<br><br>Plaintiffs,<br><br>v.<br><br>**City of Portland**, a municipal corporation, **Joseph Gary Sumner**, an individual, **Shaun Lee Palmer**, and **John** or **Jane Doe**, an individual,<br><br>Defendants. | Case No.: **3:24-cv-00587-AB**<br><br>**Plaintiff's Motion to Amend** |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Plaintiff, by and through undersigned counsel, respectfully moves the Court pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file the Third Amended Complaint, a copy of which is attached hereto as Exhibit 1.

**LR 7-1 Certification**

Counsel for Plaintiff certifies that they conferred in good faith with counsel for Defendant regarding this motion, as required by Local Rule 7-1. Defendant does not consent to the requested amendment.

**MEMORANDUM OF LAW**

**I. Legal Standard**

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading only with the opposing party's written consent or the court's leave, and that "[t]he court should freely give leave when justice so requires." The Supreme Court and the Ninth Circuit apply this policy with "extreme liberality." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

Courts consider five factors in deciding whether to grant leave: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies; (4) undue prejudice; and (5) futility. *Foman*, 371 U.S. at 182. Among these, prejudice to the opposing party is given the most weight. *Eminence Capital*, 316 F.3d at 1052. Absent prejudice or a strong showing of another factor, there is a presumption in favor of granting leave.

Collectively, these decisions underscore that although the standard is liberal, courts retain discretion to deny leave when there is undue delay, bad faith, prejudice, or futility. None of those factors is present here.

**II. Argument**

Plaintiff seeks leave to amend for the first time after completing deposition discovery (Declaration of David Wallace, ¶1–2). Despite repeated requests since the outset of this case, Defendant City of Portland did not produce key evidence regarding the vehicle location of the pursuing officers until approximately July 1, 2025 (Declaration of David Wallace, ¶2–3).

The amendment is sought in good faith to align the pleadings with evidence developed through discovery (Declaration of David Wallace, ¶4). Prior amendments were limited and appropriate: the first added Plaintiff's husband to consolidate claims, the second added the vehicle owner by consent, and this amendment incorporates facts recently disclosed by Defendant and discovered through depositions (Declaration of David Wallace, ¶5).

There is no undue prejudice to Defendant. The proposed amendment is based on the same underlying events, no dispositive motions have been filed, and no deadlines will be materially impacted (Declaration of David Wallace, ¶6).

Finally, the amendment is not futile. The proposed complaint states plausible claims under applicable law (Declaration of David Wallace, ¶7).

.

**III. Conclusion**

For these reasons, Plaintiff respectfully requests that the Court grant leave to file the Third Amended Complaint. A copy of the proposed amended pleading is attached as Exhibit 1.

July 6, 2025.

s/ David Wallace, Esq.

David Wallace, OSB #170783
Plaintiffs' attorney
David@dtwallace.com
T: 503.896.6543

**Certificate of Fed. R. Civ. P. 15(a)(2)**

Plaintiffs' counsel certifies that written consent to amend was sought from Defendant's counsel on July 1, 2025, and was refused.

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing: Motion to Amend to the following parties at the addresses set forth below:

Michael Porter, OSB #211377; Sr. Deputy City Attorney
PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
Mike.porter@portlandoregon.gov

Joseph Gary Sumner
SID #12427294
Snake River Correctional Institution
777 Stanton Boulevard
Ontario, OR 97914-8335
USA

via the methods indicated below:

✓ United States Postal Service, ordinary first-class mail.
___ United States Postal Service, certified or registered mail.
___ Hand delivery
___ Electronic Filing through the court's eFiling system.
✓ Other (specify): email to above.

July 6, 2025.

s/ David Wallace, Esq.
David Wallace, OSB# 170783
Plaintiffs' Attorney
David@dtwallace.com
T: 503.896.6543

David Wallace, OSB# 170783
7327 SW Barnes Rd, #421
Portland, Oregon 97225
T: 503-896-6543
David@dtwallace.com
Plaintiffs' Attorney

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **Jesus Velez Pastrana,** and **John G. Irwin Jr.,**<br>Plaintiffs,<br>v.<br><br>**City of Portland**, a municipal corporation, **Joseph Gary Sumner**, an individual, **Shaun Lee Palmer**, and **John** or **Jane Doe**, an individual,<br>Defendants. | Case No.: **3:24-cv-00587-AB**<br><br>**THIRD AMENDED COMPLAINT**<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiffs, Jesus Velez Pastrana ("Mr. Pastrana") and John G. Irwin Jr. ("Mr. Irwin"), demand a jury trial and allege as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.

Defendant City of Portland through the Portland Police Bureau ("PPB") is and at all times mentioned herein was a municipal corporation within the State of Oregon.

2.

Notice of claims was properly served upon the City of Portland pursuant to ORS 30.275



**Exhibit 1**

3.

Defendant Joseph Gary Sumner ("Sumner") is an individual and, upon information and belief, a resident of Oregon.

4.

Defendant Shaun Lee Palmer ("Palmer") is the owner of a 2001 Chevrolet box truck, VIN #1GBJG31R211135415, with Nevada license plate GKZ658.

5.

Defendant John Doe is an individual whose true identity is presently unknown and who, upon information and belief, was employed by the City of Portland and involved in the conduct described herein.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

6.

On April 29, 2022, the PPB initiated a pursuit of a stolen box truck operated by Defendant Sumner.

7.

The box truck was stolen after Palmer, or his agent, negligently left the keys in the ignition in a high-theft area, creating a foreseeable risk of unauthorized use.

8.

Defendant Sumner, operating the stolen vehicle, fled from PPB officers, resulting in a high-speed pursuit through densely populated residential neighborhoods.

9.

PPB officers, in the course of the pursuit, deployed a spike strip near an intersection in a pedestrian-heavy area.

10.

Air 1, PPB's aerial surveillance unit, tracked the vehicle throughout the pursuit and relayed real-time updates to ground units, including officers who deployed the spike strip.

10A.

PPB Tactical Flight Officer Jeffrey Elias and Officer Quincy Ho testified that Air 1 used FLIR camera systems to monitor the vehicle's location continuously and had discretion to disengage surveillance but chose not to do so.

10B.

Officer Garth Meyer confirmed Air 1 remained engaged for approximately 90 minutes and guided ground units with repeated updates as the vehicle circled through residential streets near SE 20th Avenue.

10C.

Officer Ryan Hernandez testified that no coordinated risk assessment or pedestrian clearance was performed before deploying the spike strip, despite Directive 630.05 requiring public safety evaluation.

10D.

Civilian witnesses, including Carole Blake and Susan Badger, observed the stolen truck passing through the same neighborhood blocks and traveling at high speed, demonstrating an obvious and continuing risk to pedestrians.

10E.

Defendant Sumner, during his sworn deposition, declined to provide any coherent explanation of his conduct, stated he was "deluded" at the time, and ultimately refused to answer most questions about the

incident, leaving the record undisputed that he knowingly fled from pursuing officers.

11.

The vehicle struck the spike strip several minutes before it lost control. After continuing to flee with damaged tires at high speed, the vehicle ultimately lost control and struck Plaintiffs as they were walking.

12.

As a result, Plaintiffs suffered serious injuries, severe emotional distress, and economic damages.

**FIRST CLAIM FOR RELIEF**

**Negligence (Against Palmer)**

13.

Plaintiffs incorporate by reference all preceding paragraphs.

14.

Palmer owed a duty to exercise reasonable care in securing the box truck.

15.

Palmer breached that duty by leaving the truck unattended with the keys in the ignition in a high-theft area.

16.

This breach was a substantial factor in enabling the theft and the harms that followed.

**SECOND CLAIM FOR RELIEF**

**Battery (Against Sumner)**

17.

Plaintiffs incorporate by reference all preceding paragraphs.

18.

Sumner operated the truck in a manner intending or recklessly disregarding the substantial likelihood of striking Plaintiffs.

19.

This harmful contact caused serious bodily injury.

**THIRD CLAIM FOR RELIEF**

**Negligence (Against City of Portland)**

20.

Plaintiffs incorporate by reference all preceding paragraphs.

21.

PPB officers breached their duty of care by engaging in a pursuit contrary to Directive 630.05 and accepted police practices.

22.

Officers failed to terminate the pursuit despite the obvious and escalating risk to pedestrians.

23.

Officers deployed a spike strip without first ensuring the area was clear of pedestrians or boxing in the vehicle contributing to the loss of control and collision several minutes later.

24.

Expert Gareth Jones opined this conduct materially increased the risk of harm to Plaintiffs.

24A.

The foreseeable risk was heightened by the vehicle repeatedly circling the same neighborhood blocks known to be occupied by pedestrians.

24B.

This repeated presence demonstrated that the danger to Plaintiffs was specific, immediate, and known.

**FOURTH CLAIM FOR RELIEF**

**Violation of Civil Rights – 42 U.S.C. §1983 (Against City of Portland and Individual Officers)**

25.

Plaintiffs incorporate by reference all preceding paragraphs.

26.

At all relevant times, PPB officers acted under color of state law.

27.

The officers' conduct, including the failure to terminate pursuit, the use of Air 1 to sustain and escalate the pursuit, and the deployment of spike strips near pedestrians, constituted a deprivation of Plaintiffs' rights under the Fourteenth Amendment.

28.

Defendants acted with deliberate indifference to a known and substantial risk of serious harm.

29.

Defendants affirmatively created and increased the risk to Plaintiffs, who were identifiable pedestrians, by continuing the pursuit and coordinating in real time.

30.

Defendants' conduct placed Plaintiffs in a more dangerous position than they would have otherwise faced.

31.

The danger to Plaintiffs was specific, foreseeable, and imminent.

31A.

This deliberate indifference was confirmed by testimony that Air 1 had discretion to disengage but remained engaged for over 90 minutes, with continuous updates prolonging and escalating the danger.

31B.

PPB officers demonstrated inconsistent understanding and implementation of Directive 630.05, evidencing a custom or practice of disregarding pursuit policies.

**FIFTH CLAIM FOR RELIEF**

**Violation of Civil Rights – 42 U.S.C. §1983 Monell Liability (Against City of Portland)**

32.

Plaintiffs incorporate by reference all preceding paragraphs.

33.

Defendant City of Portland maintained policies, customs, and practices that authorized or permitted pursuit of vehicles in violation of Directive 630.05.

34.

Defendant City of Portland failed to adequately train and supervise officers in safely terminating pursuits and assessing risks to pedestrians.

35.

This policy and failure to train were the moving force behind the constitutional violations and injuries suffered by Plaintiffs.

36.

Multiple PPB officers confirmed under oath that no consistent training or procedures existed for using Air 1 in pursuit terminations or for pedestrian safety before spike strip deployment.

**SIXTH CLAIM FOR RELIEF**

**Negligent Infliction of Emotional Distress (Against All Defendants)**

37.

Plaintiffs incorporate the above paragraphs as if fully set forth in this section.

38.

As a direct and proximate result of Defendants' acts and omissions described above, Mr. Pastrana directly witnessed and perceived the immediate aftermath of the severe, life-threatening injuries inflicted upon Mr. Irwin, with whom he shared a close personal bond.

39.

At all times material, Defendants owed a duty to exercise reasonable care to avoid subjecting foreseeable victims to severe emotional distress resulting from physical injury to themselves or others in their immediate presence.

40.

As a further direct and proximate result of Defendants' conduct, Mr. Pastrana has suffered severe and ongoing emotional distress, including but not limited to anxiety, depression, mental anguish, and symptoms consistent with post-traumatic stress disorder.

**SEVENTH CLAIM FOR RELIEF**

**Respondeat Superior Liability (Against City of Portland)**

41.

At all relevant times, the PPB officers whose conduct is described herein were acting within the course and scope of their employment for the City of Portland.

42.

Defendant City of Portland is vicariously liable under the doctrine of respondeat superior for the negligent acts and omissions of its employees, including but not limited to the decision to continue the pursuit, the deployment of spike strips without adequate risk assessment, and the failure to terminate the pursuit when necessary to protect public safety.

**PRAYER FOR RELIEF**

43.

As a direct and proximate result of Defendants acts or omissions, Mr. Pastrana suffered injuries that include but are not limited to laceration to the face, broken jaw, disfigured teeth, two screws on the inside of the mouth, metal plate in the chin, radiculopathy on the left side of the body, broken middle finger on the right hand. These injuries caused Plaintiff to suffer economic damages in the form of medical bills, future medical expenses, and lost wages in the amount of $3,500,000.

44.

As a further direct and proximate result of Defendants acts or omissions, Mr. Pastrana endured significant pain, mental suffering,

emotional distress, inconvenience, and interference with normal lifestyle activities in the amount of $22,500,000.

45.

As a direct and proximate result of Defendants acts or omissions, Mr. Irwin suffered injuries that include but are not limited to diffuse axonal brain injury, aphasia, broken legs, one broken arm (left), and other injuries more specifically set forth in his medical records. These injuries caused Plaintiff to suffer economic damages in the form of medical bills, future medical expenses, and lost wages in the amount of $20,500,000.

46.

As a further direct and proximate result of Defendants acts or omissions, Mr. Irwin endured significant pain, mental suffering, emotional distress, inconvenience, and interference with normal lifestyle activities in the amount of $22,500,000.

**************************************************************************

Plaintiffs pray for judgment against Defendants for damages as follows:

A) $24,000,000 in economic damages.

B) $45,000,000 in non-economic damages.

C) For pre- and post-judgment interest as allowed by law;

D) For costs and attorney fees as provided by statute, including under 42 U.S.C. § 1988; and

E) For such further relief as the Court deems just and equitable.

July 6, 2025.

s/ David Wallace, Esq.

David Wallace, OSB #170783
Plaintiffs' attorney
David@dtwallace.com
T: 503.896.6543



**Exhibit 1**

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing: Proposed Third Amended Complaint to the following parties at the addresses set forth below:

Michael Porter, OSB #211377; Sr. Deputy City Attorney
PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
Mike.porter@portlandoregon.gov

Joseph Gary Sumner
SID #12427294
Snake River Correctional Institution
777 Stanton Boulevard
Ontario, OR 97914-8335
USA

via the methods indicated below:

✓ United States Postal Service, ordinary first-class mail.
___ United States Postal Service, certified or registered mail.
___ Hand delivery
___ Electronic Filing through the court's eFiling system.
✓ Other (specify): email to above.

July 6, 2025.

s/ David Wallace, Esq.
David Wallace, OSB# 170783
Plaintiff's Attorney
David@dtwallace.com
T: 503.896.6543



**Exhibit 1**

David Wallace, OSB# 170783
7327 SW Barnes Rd, #421
Portland, Oregon 97225
T: 503-896-6543
David@dtwallace.com
Plaintiffs' Attorney

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **Jesus Velez Pastrana,** and **John G. Irwin Jr.,**<br><br>Plaintiffs,<br><br>v.<br><br>**City of Portland**, a municipal corporation, **Joseph Gary Sumner**, an individual, **Shaun Lee Palmer**, and **John** or **Jane Doe**, an individual,<br><br>Defendants. | Case No.: **3:24-cv-00587-AB**<br><br>**Declaration in support of Plaintiffs' Motion to Amend** |

1. I am counsel for Plaintiff in this action and make this declaration in support of Plaintiff's Motion for Leave to File Third Amended Complaint. I have personal knowledge of the matters stated herein.

2. Since the outset of this litigation, Plaintiff has consistently sought discovery related to the vehicle location and tracking of the officers involved in the incident that forms the basis of this case.

3. Despite multiple written requests and discussions during discovery conferences, Defendant City of Portland did not produce key evidence regarding the vehicle location data of the pursuing officers until approximately July 1, 2025.

4. The proposed amendment is sought in good faith to align the pleadings with evidence that was not available to Plaintiff prior to this production and that was further developed through deposition testimony completed in this case.

5. Prior amendments to the Complaint were limited and appropriate. The first amendment added Plaintiff's husband to consolidate related claims. The second amendment, to which Defendant consented, added the vehicle owner as a party. This amendment incorporates factual allegations based on Defendant's recent document production and the deposition record.

6. No dispositive motions have been filed, and the amendment will not materially affect existing deadlines. The underlying factual circumstances remain the same, and no new claims are asserted beyond the scope of the evidence Defendant has had access to since the initiation of this action.

7. In my professional judgment, the proposed amendment is not futile, as it states plausible claims for relief under the applicable legal standards.

8. On July 1, 2025, I requested Defendant's written consent to file the amended complaint. Defendant's counsel declined to provide consent.

**By my signature below, I hereby declare that the above statements are true to the best of my knowledge and belief, and I understand it is made for the use as evidence in Court and is subject to penalty for perjury.**

July 6, 2025.

s/ David Wallace, Esq.

David Wallace, OSB #170783
Plaintiffs' attorney
David@dtwallace.com
T: 503.896.6543

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing: Declaration in support of Motion to Amend to the following parties at the addresses set forth below:

Michael Porter, OSB #211377; Sr. Deputy City Attorney
PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
Mike.porter@portlandoregon.gov

Joseph Gary Sumner
SID #12427294
Snake River Correctional Institution
777 Stanton Boulevard
Ontario, OR 97914-8335
USA

via the methods indicated below:

✓ United States Postal Service, ordinary first-class mail.
___ United States Postal Service, certified or registered mail.
___ Hand delivery
___ Electronic Filing through the court's eFiling system.
✓ Other (specify): email to above.

July 6, 2025.

s/ David Wallace, Esq.
David Wallace, OSB# 170783
Plaintiffs' Attorney
David@dtwallace.com
T: 503.896.6543

David Wallace, OSB# 170783
7327 S.W. Barnes Rd, #421
Portland, Oregon 97225
T: 503-896-6543
David@dtwallace.com
Plaintiffs' Attorney

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **Jesus Velez Pastrana,** and **John G. Irwin Jr.,**<br>Plaintiffs,<br>v.<br><br>**City of Portland**, a municipal corporation, **Joseph Gary Sumner**, an individual, **Shaun Lee Palmer**, and **John** or **Jane Doe**, an individual,<br>Defendants. | Case No.: **3:24-cv-00587-AB**<br><br>**<u>Order on Motion to Amend</u>** |

This matter is before the Court on Plaintiff's Motion to Amend the underlying complaint. Based on the facts presented in the accompanying declaration, the docket, and applicable case law and rules to assess whether prejudice would preclude such an amendment, the Court hereby Orders that Plaintiff's motion is:

____________________________
Honorable Amy Baggio
U.S. District Court Judge

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing: Order on Motion to Amend to the following parties at the addresses set forth below:

Michael Porter, OSB #211377; Sr. Deputy City Attorney
PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
Mike.porter@portlandoregon.gov

Joseph Gary Sumner
SID #12427294
Snake River Correctional Institution
777 Stanton Boulevard
Ontario, OR 97914-8335
USA

via the methods indicated below:

✓ United States Postal Service, ordinary first-class mail.
___ United States Postal Service, certified or registered mail.
___ Hand delivery
___ Electronic Filing through the court's eFiling system.
✓ Other (specify): email to above.

July 6, 2025.

s/ David Wallace, Esq.
David Wallace, OSB# 170783
Plaintiffs' Attorney
David@dtwallace.com
T: 503.896.6543

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JESUS VELEZ PASTRANA and JOHN G. IRWIN, JR., Plaintiffs, vs. CITY OF PORTLAND, a municipal corporation; JOSEPH GARY SUMNER, an individual; SHAUN LEE PALMER, an individual; and JOHN or JANE DOE, an individual, Defendants. | 3:24-cv-00587-AB |

VIDEO-RECORDED DEPOSITION OF JOSEPH GARY SUMNER

Taken on Behalf of Defendant City of Portland

February 20, 2025

BE IT REMEMBERED that, pursuant to notice and the Federal Rules of Civil Procedure, the deposition of JOSEPH GARY SUMNER was taken before Susan G. Walker, an Oregon Certified Shorthand Reporter, on Thursday, the 20th day of February, 2025, commencing at the hour of 9:00 a.m.; the witness responding to questions via videoconference from Ontario, Oregon; the questions propounded and proceedings reported remotely via videoconference.

Is ten minutes enough?

THE REPORTER: I only need about two minutes, and I need to talk to you gentlemen off the record.

MR. PORTER: Let's go off the record.

Mr. Sumner, let's plan on a five-minute break, unless Mr. Wallace needs longer. And then we'll be back. Okay. 11:20:23

THE VIDEOGRAPHER: We're going off the record at 11:20 a.m.

(Discussion off the record.) 11:20:28

(Brief recess was taken.)

THE VIDEOGRAPHER: We're back on the record at 11:30 a.m.

BY MR. PORTER:

Q All right, Mr. Sumner. Before the break I'd asked you about video that you watched, and you said it got cut off before you got to see it. I have the video, and it doesn't cut off. So I think we should just play it. 11:30:55

But before we get there I had a couple of questions. Okay? 11:31:10

A Okay.

Q First of all, when were you aware that an airplane was overhead and filming you? When did you become aware? 11:31:20



www.LNScourtreporting.com

A I had no idea that Air 1 was above me.
Q Okay.
A I had no idea ever, until I was informed, you know, by my attorney while I was in the county jail there.
Q Thank you. So I have the video. It sounds like you've seen part of it. I would like to share my screen. And what I want to do is -- I'll explain a few things. The infrared is called FLIR. It's a business name. So it will switch between, like, what we'd expect to see from a camera, and then it will go to FLIR, where it picks up heat. 11:31:36 11:31:54
A Yeah.
Q And sometimes (inaudible). So that makes it a little bit difficult. But we'll just watch it through. And there's things I'd like to have you just call out when you see them. And the main thing I'd like you to do is call out when you believe you saw police cars. Okay? 11:32:06
A Okay.
Q So just feel free to just say there, that corner, or this place, or that car. And I can stop it if we need to. But that's what I'd like you to do. 11:32:20
And I think this probably -- well, I'll just ask it.
Would you agree that the air video, if it contradicts with your memory, is the better evidence of 11:32:36



www.LNScourtreporting.com

CERTIFICATE OF REPORTER

I, SUSAN G. WALKER, an Oregon Certified Shorthand Reporter, Registered Professional Reporter, and Federal Certified Realtime Reporter, hereby certify that JOSEPH GARY SUMNER appeared via videoconference before me at the time and place set forth in the caption hereof; that at said time I reported by means of machine shorthand all testimony adduced and other oral proceedings had in the foregoing matter; that thereafter my notes were transcribed by me personally, and that the foregoing pages constitute a full, true and accurate record of all such testimony adduced and oral proceedings had, and of the whole thereof.

I further certify that review of the transcript was waived.

WITNESS my hand at Portland, Oregon, this 3rd day of March, 2025.

SUSAN G. WALKER, FCRR, RPR
Oregon CSR No. 90-0195
Expires 9/30/2026