IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESUS VELEZ PASTRANA, and JOHN
G. IRWIN, JR.,                                              No. 3:24-cv-00587-AB

        Plaintiffs,                                    OPINION AND ORDER

    v.

CITY OF PORTLAND, *a municipal
corporation*, and JOHN or JANE DOE,
*an individual*,

        Defendants.

**BAGGIO, District Judge:**

Before the Court is Plaintiffs Jesus Velez Pastrana and John G. Irwin, Jr.'s Motion for

Leave to File Third Amended Complaint ("Mot. Amend", ECF 35). For the reasons discussed

below, Plaintiffs' motion is DENIED.

## I.    PROCEDURAL BACKGROUND

On April 8, 2024, this action was removed from Multnomah County Circuit Court to this

Court. *See* Notice of Removal (ECF 1). The First Amended Complaint brought claims against the

City of Portland, Joseph Gary Sumner, and John or Jane Doe for Battery, Negligence, Negligent

Infliction of Emotional Distress, and a 14 U.S.C. § 1983 claim for violation of the Plaintiffs'

Fourteenth Amendment rights under the United States Constitution. First Amended Complaint

("FAC", ECF 1-1) at 8–13. On May 9, 2024, Judge Hernández held a Rule 16 conference and set

a case schedule, including a July 9, 2024, due date to add or amend parties. Minutes of Rule 16

Proceeding (ECF 6). Although almost three months past the amendment deadline, on September

30, 2024, Plaintiffs filed their Second Amended Complaint. ("SAC", ECF 13). Plaintiffs' SAC

added a new Defendant, Shaun Lee Palmer. *See id.* On October 14, 2024, Defendant City of

Portland (the "City") answered the SAC, (ECF 14).

 On October 23, 2024, Plaintiffs filed a Stipulated Motion for Extension of Discovery and

PTO Deadlines, (ECF 16). The Court granted the stipulated motion and reset the deadline to add

or amend parties to "30 days after service on Defendant Palmer." Amended Order (ECF 17).

 On April 4, 2025, the Court entered an Order to Show Cause ("OSC") and ordered:

> that Plaintiff[s] appear in writing within 7 days from the date of this Order to show
> cause why Defendants Sumner and Palmer should not be dismissed from this case
> for failure to timely serve them. If a response is not received by April 11, 2025,
> Defendants Sumner and Palmer will be dismissed without prejudice and without
> further notice. Proof of service of summons and Second Amended Complaint on
> Defendant Sumner and Palmer will satisfy this order.

04/04/2025 OSC (ECF 30). Plaintiffs filed an affidavit of service upon Palmer, ("Palmer

Affidavit", ECF 31), but failed to file an affidavit of service upon Sumner. Therefore, on April 16,

2025, the Court entered a second OSC, which stated that "Plaintiffs have failed to provide proof

of service of the SAC on Defendant Sumner. Plaintiffs have also failed to move for default against

either Defendant even though neither Defendant has answered or made an appearance in this case,

which was removed to this Court over a year ago." 04/16/2025 OSC (ECF 33). Pursuant to Local

Rule 41-2, the Court ordered:

> that Plaintiffs appear in writing within 14 days of this Order to Show Cause an
> explain why (1) they have not served Defendant Sumner with the SAC; (2) they
> have not moved for default or otherwise prosecuted this case against Defendants
> Sumner and Palmer; and (3) why Defendants Sumner and Palmer should not be
> dismissed from this case for want of prosecution. If a response is not received by

April 30, 2025, Defendant Sumner and Defendant Palmer will be dismissed from
this action without prejudice and without further notice.

*Id.* Plaintiffs failed to respond in any capacity to the Court's second OSC. Consequently, on May

12, 2025, the Court dismissed Sumner and Palmer from the action without prejudice. 05/12/2025

Order (ECF 34).

On July 6, 2025, less than a month before dispositive motions were due, Plaintiffs filed the

present motion for leave to amend. *See* Mot. Amend. Plaintiffs' proposed Third Amended

Complaint brings claims against Sumner and Palmer as well as a new respondeat superior liability

claim against the City.[1] *See id.* On July 14, 2025, the City responded. ("Resp.", ECF 36). Plaintiffs

did not file an optional reply in support of their motion.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleadings after a

response has been filed only "with the opposing party's written consent or the court's leave." Fed.

R. Civ. P. 15(a)(2). Leave to amend, which is within the sound discretion of the trial court, shall

be "freely give[n] . . . when justice so requires." *Id.* The Supreme Court has articulated factors to

consider when determining whether to grant a motion for leave to amend: (1) undue delay; (2)

bad faith or dilatory motive; (3) repeated failure to cure deficiencies; (4) undue prejudice; and (5)

futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not all the factors merit equal weight."

*Eminence Cap., LLC v. Aspen, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Among these factors,

prejudice to the opposing party is given the most weight. *Id.* "Absent prejudice or a strong showing

of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of

granting leave to amend." *Id.*

---

[1] As discussed in further detail below, in violation of LR 15-1(b), Plaintiffs fail to attach a copy of the amended pleading edited to show how the amended pleading differs from the Second Amended Complaint.

## III.    DISCUSSION

### A.  Local Rule 15-1(b)

As an initial matter, Plaintiffs' motion violates the Local Rules regarding amended and supplemental pleadings by failing to attach a copy of the amended pleading edited to show how the amended pleading differs from the superseded pleading. LR 15-1(b) states:

> A copy of the proposed amended or amended pleading that shows – through redlining, underlining, strikeouts, or other similarly effective methods – how the amended pleading differs from the operative or superseded pleading must be attached as an exhibit to:
>
>> (1) A motion for leave to file the amended pleading; or
>>
>> (2) An amended pleading filed as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1) or with written consent of the opposing parties under Fed. R. Civ. P. 15(a)(2).

Plaintiffs' failure to provide the Court a redlined, underlined, or strikeout copy of the proposed amendments as required by LR 15-1(b), alone, warrants denial of Plaintiffs' motion. However, Plaintiffs' motion is also denied on substantive grounds, as discussed below.

### B.  Federal Rule of Civil Procedure 15

Plaintiffs argue that leave to amend is appropriate because the City "did not produce key evidence regarding the vehicle location of pursuing officers until approximately July 1, 2025." Mot. Amend., 2 (citing Wallace Decl. (ECF 35-1) ¶¶ 2-3). Plaintiffs further allege that "this amendment incorporates facts recently disclosed by Defendant and discovered through depositions." *Id.* (citing Wallace Decl. ¶ 5). The City argues that the expert reports produced on June 30, 2025 and July 1, 2025, are largely duplicative of prior disclosures. Resp., 3.

The Court notes that although Plaintiffs' motion addresses the *Foman* factors, their motion is almost entirely conclusory. And as stated above, Plaintiffs did not file an optional reply in support of their motion, therefore Plaintiffs have not responded to the City's contention that the

expert reports that Plaintiffs rely on for this motion are duplicative and do not support Plaintiffs' new claim. Lastly, the Court is perplexed by the Plaintiffs lack of explanation on why it is appropriate to add claims and parties that this Court previously dismissed. The Court has considered and weighed the *Foman* factors and finds that, despite the liberal standard under Rule 15(a)(2), leave to amend is inappropriate here. The Court makes this finding for several reasons and provides a noncomprehensive list as follows.

First, the deadline to amend the complaint has long passed. *See* Amended Order (ECF 17) (setting the deadline to amend to "30 days after service on Defendant Palmer"); *see also* Palmer Affidavit (service was completed on November 1, 2024). Second, this motion was filed less than a month prior to the dispositive motions' deadline. *See* 03/03/2025 Order (ECF 29) (setting a dispositive motions' due date of 07/31/2025); *see also* Mot. Amend (filed on 07/06/2025). Third, Plaintiffs seek to add a new legal claim, respondeat superior.[2] *See* Mot. Amend, 13. And fourth, Plaintiffs seek to reintroduce claims against Sumner and Palmer, parties whom the Court has already dismissed, and on whom Plaintiffs had multiple opportunities to perfect service on prior to the Court's dismissal. *See* 04/04/2025 OSC (ECF 30); *see also* 04/16/2025 OSC (ECF 33); *see also* 05/12/2025 Order (ECF 34).

Despite the liberal standard under Rule 15(a)(2), Plaintiffs' motion for leave is denied because of Plaintiffs' undue delay in filing the present motion; prior failures to cure deficiencies and respond to Court orders; undue prejudice to the City; and futility barring amendment.

---

[2] The Court notes, respondeat superior is not a standalone tort under Oregon law, it is a theory of vicarious liability. *See Vaughn v. First Transit, Inc.*, 346 Or. 128, 139 (2009). Thus, respondeat superior is not a cognizable claim and amendment would be futile. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (amendment is futile where the claim would not survive a Rule 12(b)(6) motion to dismiss).

## IV.    CONCLUSION

For the reasons discussed, Plaintiffs' Motion for Leave to File Third Amended Complaint

[35] is DENIED.

IT IS SO ORDERED.

DATED this  18th  day of August 2025.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge